UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRISTOPHER HEARN, | ) | 1:03-CV-06000 AWI DLB HC |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION |
| | ) | [Doc. #54] |
| v. | ) | |
| | ) | ORDER DENYING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| ARTHUR CALDERON, | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| Respondent. | ) | TO ENTER JUDGMENT |
| | ) | |

   Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is represented by Sandra L. Waite, Esq.

   On January 19, 2007, the Magistrate Judge issued Findings and Recommendation that recommended the petition be DENIED.  The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment in favor of Respondent.  The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

   On February 21, 2007, Petitioner filed objections to the Findings and Recommendation.

1    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file and having considered the objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis, and there is no need to modify the Findings and Recommendations based on the points raised in the objections.

In his objections, Petitioner claims that there is insufficient evidence to convict him of first degree murder under the theory that he was a major participant in the robbery.   As explained by the Magistrate Judge, the constitutional standard for sufficiency of the evidence is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 319 (1979).    This court must, therefore, determine whether the California Court of Appeal unreasonably applied Jackson in upholding the conviction in this case.

In his objections, Petitioner cites to Mitchell v. Prunty, 107 F.3d 1337 (9th Cir.), *overruled in part on other grounds*, Santamaria v. Horsley, 133 F.3d 1242 (9th Cir. 1998) (en banc), for the principle that the jury's disbelief of Annette R.'s testimony that Petitioner was the shooter prevented the jury from believing Annette R's testimony that Petitioner helped plan the robbery and knew other robbers had a gun.   In Mitchell, the petitioner was convicted of murder.   In special interrogatories the jury specifically found that the petitioner did not fire any of the bullets that struck the victim or drive the car that ran over and crushed him.  Consequently, the Ninth Circuit opined that the petitioner's conviction could only be upheld if the petitioner aided and abetted the crime.  Mitchell, 107 F.3d at 1339 n. 3.   The Ninth Circuit then concluded the evidence was insufficient because to find the Petitioner was an aider or abettor the trier of fact would also have to conclude the Petitioner was either the driver or shooter because gang membership alone cannot serve to establish aiding and abetting.  Id. at 1242.

The court rejects Petitioner's position.  Mitchell stands for the proposition that gang membership, standing alone, cannot establish the specific intent to support a conviction for aiding and abetting under California law.   In contrast, in the case at bar, the conviction was not upheld on Petitioner's membership in a street gang.    Rather, the conviction was upheld because there was

evidence Petitioner helped plan the robbery, knew other robbers had a gun, and, as a male, facilitated a robbery by female robbers.  It cannot be said under the facts in this case that no reasonable mind could have found that Petitioner did not commit first degree murder.   Even presuming that the only evidence that Petitioner planned the robbery and knew the others had a gun came from Annette R., the jury's verdict is not foreclosed.   Credibility of witness and the weight to be accorded testimony are questions directed to trier of fact who may accept all or part of testimony of any witness it believes to be true or may reject all or any part of which it believes to be untrue.  United States v. Lopez,  625 F.2d 889, 897 (9th Cir. 1980); Union Pac. R. Co. v. Munoz, 326 F.2d 248, 254 (9th Cir. 1964).   Thus, the fact that the jury appears to have discounted Annette R.'s testimony concerning Petitioner being the shooter, as reflected in their responses to specific questions, does not require the court to disbelieve all of Annette R.'s testimony.  The jury was still free to believe other portions of Annette R.'s testimony.

      Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued January 19, 2007, is ADOPTED IN FULL;

2. The Petition for Writ of Habeas Corpus is DENIED WITH PREJUDICE; and

3. The Clerk of Court is DIRECTED to enter judgment in favor of Respondent.

IT IS SO ORDERED.

**Dated:   April 11, 2007**                         **/s/ Anthony W. Ishii**
                                                       UNITED STATES DISTRICT JUDGE